IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-cv-04073-SLD |
| ) | |
| EIGHT THOUSAND SEVEN HUNDRED ) | |
| NINETY-ONE AND 55/100 ($8,791.55) IN ) | |
| U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In this civil forfeiture proceeding, Plaintiff United States of America ("the Government") asks the Court strike Claimant Ashley Vasquez's Claim, ECF No. 7, and Answer, ECF Nos. 5–6, because Vasquez has not responded to the Government's special interrogatories. For the following reasons, the Court GRANTS the Government's Motion to Strike Claim and Answer, ECF No. 23.

## BACKGROUND

On July 11, 2012, the Government filed this civil forfeiture suit for $8,791.55, allegedly traceable to drug activity, which was seized on February 22, 2012, from Vasquez's Ascentra Credit Union account. Compl., ECF No. 1. The Government served Vasquez, via her counsel, with notice of this civil forfeiture action by certified mail on July 16, 2012. Mot. Strike ¶ 2, ECF No. 23. Gonazalez filed a Claim and Answer on July 31, 2012, disputing the Government's allegations of illegal conduct and requesting return of the currency. Claim, ECF No. 7; Answer, ECF Nos. 5–6.

1

On July 9, 2013, the Government sent Vasquez special interrogatories pursuant to Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Rule G"). Mot. Strike ¶ 4. Vasquez returned a partial response to the interrogatories on August 1, 2013, but objected to many of the questions. *Id.* ¶ 5. In response, the Government filed a Motion to Compel, ECF No. 21. At a hearing on August 27, 2013, the Court granted Vasquez's counsel's Motion to Withdraw as Attorney, ECF No. 20, granted the Motion to Compel in part and denied it in part, and set a deadline of October 11, 2013, for Vasquez to respond to the newly-limited interrogatories. The Court warned Vasquez that failure to obey its order could result in dismissal of her claim.

At a status hearing on October 1, 2013, Vasquez, now proceeding pro se, orally moved to abandon her claim. She then withdrew the motion, and requested additional time to comply with the Court's Order on the Motion to Compel. The Government did not object. The Court gave the Government 14 days to provide Vasquez with a copy of the interrogatories, and Vasquez 21 days thereafter to respond. The Government sent Vasquez a copy of the Court's Order on the Motion to Compel, along with the special interrogatories, on October 7, 2013. Mot. Strike ¶ 10. Vasquez signed for the certified letter on October 23, 2014. Mot. Strike, Ex. 1 at 2, ECF No. 23-1. However, the Government received no response. Mot. Strike ¶ 10. On November 27, 2013, the Government moved to strike Vasquez's Claim and Answer pursuant to Rule G for failure to answer the Special Interrogatories. Mot. Strike. Vasquez did not respond to the Government's Motion to Strike.

**DISCUSSION**

Rule G governs statutory forfeiture actions in rem. Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to these interrogatories be served within 21 days of their receipt.

Rule G(8)(c)(i)(A) permits the Government to move to strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013) (noting that the government can move to dismiss a claim where claimant is unresponsive to Rule G(6) interrogatories); *United States v. $4,290.00 in U.S. Currency*, No. 12-3141, 2014 WL 859561, at *4 (C.D. Ill. Mar. 5, 2014) (striking claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests). The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). The Advisory Committee Notes to Rule G(8) caution, however, that a court "should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects."

Despite a court order to respond to the Government's special interrogatories, and an allowance of extra time in which to do so, Vasquez has failed to provide the missing answers. Her earlier participation in these proceedings, coupled with evidence that she received the most recent copy of the interrogatories by certified mail, suggest that this failure stems not from lack of awareness or capacity, but of volition. Therefore, her non-compliance with the Rule G

procedure justifies striking her Claim pursuant to Rule G(8)(c)(i)(A).

## **CONCLUSION**

Plaintiff's Motion to Strike Claim and Answer, ECF No. 23, is GRANTED. The Claim, ECF No. 7, and Answer to Complaint, ECF Nos. 5–6, are STRICKEN.


Entered this 13th day of August, 2014.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE